17639

George D. DALEY, Respondent, v. PUBLIC SAVINGS LIFE INSURANCE COMPANY and Boston Insurance Company, Appellants.

(113 S. E. (2d) 758)

*J. Preston Warren, Esq.,* of Charleston, *for Appellants.*

*Messrs. Wm. McG. Morrison, Jr.,* and *Steinberg, Levkoff & Spitz,* of Charleston, *for Respondent.*

April 6, 1960.

STUKES, Chief Justice.

The respondent claimant was awarded workmen's compensation for forty per cent. loss of use of his right leg, forty per cent. loss of the use of his left leg, and $2,500.00 for serious bodily disfigurement. Sec. 72-153, Code of 1952. Upon appeal the court affirmed the award of the Industrial Com-

mission and the employer and insurance carrier have appealed to this court.

Respondent, who is about sixty years old and formerly able-bodied and of good health, was employed by Public Savings Life Insurance Company as an agent. He solicited insurance and collected premiums by calling upon the insureds at their homes. On his rounds in October 1956, he suffered a nondisabling injury when a doorstep broke and he hurt his right knee, but he missed no time from work. On June 20, 1957, again while collecting premiums for his employer, he jumped across a mud hole and fell on both knees. He was thereby disabled and entered into an agreement with the employer and carrier for the payment of compensation (for disability from sprain of both knees) whereunder he was paid for temporary total disability from July 2, 1957 until October 6, 1958, at which time the Commission authorized cessation of it upon the ground that maximum improvement had been reached. Hearing was held to determine the extent of disability and disfigurement. Respondent and his daughter testified that he has been unable to do any work since the accident of June 20, 1957. In addition, much medical testimony was taken—from his family physician and from specialists, one of whom examined claimant on two or three occasions on referral by appellants.

The issue upon appeal is within narrow compass. It is said in the brief of appellants, page 3, that their contention is that they should not be held liable for any permanent disability to claimant's right leg, for any disfigurement thereof or for medical expenses insofar as the right leg is concerned. Respondent accurately states the question, as follows "Was there any competent evidence to support the findings of the Commission that Respondent sustained an injury to his right knee and/or leg, on June 20, 1957, resulting in serious bodily disfigurement and forty (40%) per cent. functional loss of use thereof?"

The diagnosis of the specialists who examined respondent, one of whom treated him extensively, is that he has osteoarthritis in both knees. They concur that this condition probably existed prior to his last fall but that the latter aggravated the formerly dormant disease. Such renders the resulting disability and disfigurement compensable. 19 S. C. Digest, Workmen's Compensation, 552 *et seq.*

Appellants pitch their case upon the factual contention that respondent's 1956 fall, coupled with the disease, caused the disability of the right knee, but the fact remains that he was able to do his work until his 1957 fall which, under the evidence, at least aggravated the condition of that knee and also injured the other. Since the last fall he has been able to get about only by the use of crutches.

No useful purpose would be served by reviewing the medical testimony in detail. It is sufficient to say that it is ample to sustain the factual conclusions of the Commission which cannot be reversed by the court if there is competent evidence to sustain them, as here there is. 19 S. C. Digest, Workmen's Compensation, 1939.

With reference to the extent of loss of use of respondent's legs, the orthopedic surgeon, to whom respondent was referred for examination and opinion by appellants and was their witness, testified that he has approximately forty per cent. disability of each leg. Tr. f. 170.

The Hearing Commissioner and the Commission observed respondent for the purpose of determining the question of serious bodily disfigurement and found such to exist. As indicated above, the appellants complain of the latter only with respect to the right leg; but under the evidence there is no sound basis for difference. Respondent testified that he favored his right leg in his last fall because of the former nondisabling injury to it and he thought that by that fall his left leg was the more seriously hurt and it swelled and pained him more than the other; but the second fall was upon

both knees and the specialists—witnesses made no distinction in the present condition of them. He to whom appellants referred respondent testified as follows, Tr. f. 148:

"A. * * * In noting his patella as he moved his knee there was a terrific grating which could be felt and heard as he would extend his knee and flex it.

"Q. What knee was that?

"A.. This was of both knees, he complained of more pain in the left. I could tell no difference."

Judgment affirmed.

TAYLOR, OXNER, LEGGE and Moss, JJ., concur.